| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF DORCHESTER ) | THE FIRST JUDICIAL CIRCUIT |
| ) | |
| Lawrence Franklin Hayes, ) | Civil Action No.: 2:23−cv−00082 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S** |
| ) | **COMPLAINT** |
| Sensio, Inc. d/b/a Bella, ) | |
| ) | |
| Defendant. ) | |

**COMES NOW,** the Defendant, Sensio, Inc. d/b/a Bella Housewares, by and through its undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

**FOR A FIRST DEFENSE**

1.  Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2.  Lacks sufficient knowledge and information to form a belief as to the allegations of paragraph 1 and thereby denies the same.

3.  Admits so much of paragraph 2 which alleges that Defendant Sensio Inc. d/b/a Bella is a corporation organized and existing pursuant to the laws of a state other than South Carolina. Defendant lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 2 and thereby denies the same.

4.  Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 3 through 14 and thereby denies the same.

5. Denies the allegations of paragraph 15 and demands strict proof thereof.

6. Admits so much of paragraph 16 which alleges or may be construed to allege that Defendant's product was equipped with safety features. Lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 16 and thereby denies the same.

7. Denies the allegations of paragraph 17 and demands strict proof thereof.

8. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 18 and 19 and thereby denies the same.

9. Admits so much of paragraph 20 which alleges that Defendant's product was safe for its intended use. Lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 20 and thereby denies the same.

10. Denies the allegations of paragraphs 21 through 27 and demands strict proof thereof.

11. Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 28 through 30 and thereby denies the same.

12. Denies the allegations of paragraphs 31 through 33 and demands strict proof thereof.

13. Admits so much of paragraph 34 which alleges that Defendant's product was safe, had been inspected, and was fit for its intended use. Lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 34 and thereby denies the same.

14. Denies the allegations of paragraphs 35 through 37 and demands strict proof thereof.

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

## FOR A SECOND DEFENSE
### (Comparative Negligence)

15. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

16. The Defendant would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendant, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

## FOR A THIRD DEFENSE
### (Failure to State a Claim)

17. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

18. The Defendants would show that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## FOR A FOURTH DEFENSE
### (Sudden Emergency)

19. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

20. Even assuming Defendant was negligent in any respect, which is expressly denied, this Defendant would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendant had no control and, therefore, Plaintiff's action is barred.

## FOR A FIFTH DEFENSE
### (Assumption of Known Risk)

21. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

22. The Defendant would show that the Plaintiff knew of the probable risk of injury or harm resulting from their actions, and therefore, the Defendant would plead the doctrine of assumption of a known risk as a complete bar to this action.

## FOR A SIXTH DEFENSE
### (Intervening or Superseding Negligence)

23. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

24. The Defendant would show that such injuries or losses that Plaintiff sustained, if any, as alleged in his Complaint, were not due to or caused by any negligence on the part of the Defendant, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendant had no control.

## FOR A SEVENTH DEFENSE
### (Waiver and Estoppel)

25. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

26. The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

## FOR AN EIGHTH DEFENSE
### (Misuse, Abuse, or Improper Use)

27.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

28.     This Defendant pleads the misuse, abuse or improper use of the product as a complete bar to this action.

## FOR A NINTH DEFENSE
### (Sophisticated User)

29.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

30.     This Defendant pleads the sophisticated user defense as a complete bar to this action.

## FOR A TENTH DEFENSE
### (Modification of Product)

31.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

32.     This Defendant pleads modification of the product as a complete bar to this action.

## FOR AN ELEVENTH DEFENSE
### (Limited Liability)

33.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

34.     To the extent the Plaintiff would allege breach of warranty, this Defendant would show its liability was limited by the limited warranty statement and therefore, this Defendant craves reference to said statement for all its terms and conditions contained therein.

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

## FOR A TWELFTH DEFENSE
### (Open and Obvious Defects)

35.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

36.     The Defendant would show that Plaintiff is barred from recovery because if any defects existed in the product as alleged in the Complaint, such defects were open and obvious.

## FOR A THIRTEENTH DEFENSE
### (Manufacture, Inspection, Packaging, Warning, and Labeling Product)

37.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

38.     The Defendant would show that the Plaintiff's claims are barred in whole or in part because the manufacture, inspection, packaging, warning, and labeling of the product referred to in the Complaint at all material times herein were consistent with the available technological and industrial state of the art.

## FOR A FOURTEENTH DEFENSE
### (Dangers of Product)

39.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

40.     The Defendant would show that the Plaintiff was warned or otherwise made aware of the alleged dangers of the product and that any such dangers were not beyond those which would have been contemplated by an ordinary consumer and/or user of the product, and therefore Plaintiff's claim is barred.

## FOR A FIFTEENTH DEFENSE
### (Unclean Hands)

41.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

42.     The Defendant would show, upon information and belief, that Plaintiff's claims are barred by the doctrine of unclean hands.

## FOR A SIXTEENTH DEFENSE
### (Spoliation)

43.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

44.     The Defendant would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR A SEVENTEENTH DEFENSE
### (Adequate Warnings)

45.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

46.     The Defendant would show, upon information and belief, that its products contained adequate warnings that, if followed, make its products fit for normal and intended use.

## FOR AN EIGTEENTH DEFENSE
### (Economic Loss)

47.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

48.     Plaintiff's claim is barred by the Economic Loss Doctrine.

## FOR A NINETEENTH DEFENSE
### (Failure to Mitigate Damages)

49.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

50.     Defendant would show, upon information and belief, that the Plaintiff failed to mitigate damages, if any, as required by law.

## FOR A TWENTIETH DEFENSE
### (Intervening and Superseding Negligence)

51.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

52.     Defendant would show that such injuries or losses that Plaintiff sustained, if any, were not caused by any negligence on the part of Defendant, but were rather due to and caused by the intervening and superseding fault, breach of warranty or act or omission of a third party, over which Defendant had no control.

## FOR A TWENTY-FIRST DEFENSE
### (Modification of the Product)

53.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

54.     Defendant pleads modification of the product as a complete bar to this action, as it was not in the same condition at the time of alleged incident as when it left Defendant's hands.

## FOR A TWENTY-SECOND DEFENSE
### (Notice of Defect)

55.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

56. Defendant would show that the Plaintiff failed to give notice of defect and opportunity to cure pursuant to S.C. CODE ANN. § 40-59-840, *et seq.*

## FOR A TWENTY-THIRD DEFENSE
### (Set-Off)

57. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

58. The Defendant asserts that, while denying any liability to the Plaintiff whatsoever, that with respect to any judgment, settlement, or other resolution, it is entitled to a set-off of any funds received by Plaintiff.

## FOR A TWENTY-FOURTH DEFENSE
### (Spoliation)

59. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

60. Defendant would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR AN TWENTY-FIFTH DEFENSE
### (Statute of Repose)

61. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

62. Defendant would show that this action is barred by the applicable Statute of Repose, S.C. CODE ANN. §15-3-640, *et seq.*

## FOR A TWENTY-SIXTH DEFENSE
### (State of the Art)

63. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

64. Any and all products installed were, at all-time relevant thereto, in conformity with the state of the art. The building materials incorporated into the project were, upon information and belief, in accordance with the then current customary practices within the industry and in conformity with the then existing state of the art, and such constitutes a complete defense to the claims.

## FOR A TWENTY-SEVENTH DEFENSE
### (Improper Venue)

65. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

66. Defendant pleads the defense of improper venue to the extent it becomes appropriate with discovery or due to forum *non conveniens*.

## FOR A TWENTY-EIGHTH DEFENSE
### (Insurance Exclusions)

67. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

68. The actions of Plaintiff relative to the subject product have implicated certain portions of the Exclusions provisions contained in any written warranty relative to said product, thus barring any recovery against Defendant.

## FOR A TWENTY-NINTH DEFENSE
### (Acceptance of Product)

69. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby alleged as if set forth here verbatim.

70. Plaintiff accepted the related products, and therefore, pursuant to certain provisions of the S.C. CODE ANN. § 36-2-101, *et seq.,* may not seek recovery.

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833

## FOR A THIRTIETH DEFENSE
**(Punitive Damages)**

71. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

72. The Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

73. The Defendant alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

74. The Defendant alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

75. The Defendant alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

76. Defendant pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

                                  Respectfully submitted,

                                  **SWEENY, WINGATE & BARROW, P.A.**

                                  <u>s/ Grace G. Brown</u>
                                  Mark S. Barrow, SC Bar No. 7821
                                  Grace G. Brown, SC Bar No. 105154
                                  1515 Lady Street
                                  Post Office Box 12129
                                  Columbia, South Carolina 29211
                                  (803) 256-2233

                                  **ATTORNEYS FOR DEFENDANT**

Columbia, South Carolina

December 28, 2022

ELECTRONICALLY FILED - 2022 Dec 28 12:06 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801833