# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Lawrence Franklin Hayes,<br><br>    Plaintiff,<br>  v.<br><br>Sensio Company (US) Inc.,<br><br>    Defendant. | Case No. 2:23-cv-00082-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff's Motion to Compel seeking an order compelling Defendant to provide full and complete responses to Plaintiff's second and third set of written discovery. (Dkt. No. 29). Defendant responded in opposition to Plaintiff's motion (Dkt. No. 32), and Plaintiff replied (Dkt. No. 33). For the reasons set forth below, the Court grants-in-part and denies-in-part Plaintiff's Motion to Compel.

**I.  Background**

This products liability action arises out of a burn incident involving a pressure cooker that was allegedly designed and manufactured by the Defendant. (Dkt. No. 1-1). Plaintiff asserts causes of action for strict products liability (design defect and failure to warn), negligence, and breach of express and implied warranties. (*Id.* at 4-8). Specifically, Plaintiff alleges that he was burned because of the subject pressure cooker's defective lid-locking assembly. (*Id.* at 2-4).

On August 8, 2023, Plaintiff served his Second Set of Requests for Production, which requests drawings and designs for the subject pressure cooker model line. (Dkt. No. 29-1). On August 10, 2023, Defendant voluntarily recalled certain model electric and stovetop pressure cookers. (Dkt. No. 29 at 2; Dkt. No. 32 at 1). On August 14, 2023, Plaintiff served his Third Set of Requests for Production, which requests copies of various document relating to the recall and the reported incidents identified in the recall notices. (Dkt. No. 29-2).

On October 17, 2023, Plaintiff filed this motion. (Dkt. No. 29). On October 26, 2023, Defendant served responses to Plaintiff's Second and Third written discovery requests (Dkt. Nos. 33-1; 33-2) and responded in opposition to Plaintiff's motion (Dkt. No. 32). In its response in opposition to Plaintiff's motion, Defendant argued that Plaintiff's Motion to Compel is moot because it has responded to Plaintiff's requests. On October 27, 2023, Plaintiff filed a reply arguing that Defendant's responses were incomplete because they contained boilerplate objections and because Defendant did not produce many of the documents requested. The motion is now ripe for the Court's review.

## II.     Standard

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'"). The court "must limit the frequency or extent of discovery ... if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal

Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

III. **Discussion**

    A. **Plaintiff's Second Set of Requests for Production (Request 1)**

Plaintiff's second set of requests for production contains only 1 request: "All design drawings and/or schematics for the subject pressure cooker model line." (Dkt. No. 29-1 at 5).

In addition to other objections, Defendant responded that "Meiman as the designer, developer, and manufacturer of the [subject pressure cooker] may have the information requested." (Dkt. No. 33-1 at 2-3). Defendant also listed bates numbers and document titles of documents it produced that would be responsive to this request. (*Id.*) Plaintiff, in his reply, did not take issue with Defendant's response to this request other than arguing Defendant's objections were untimely.

The Court finds that Defendant adequately responded this request and denies without prejudice Plaintiff's motion to compel a response for this request as moot. Plaintiff may renew his motion to compel in the event he believes that Defendant did not fully meet its discovery obligations for this request.

    B. **Plaintiff's Third Set of Requests for Production (Requests 1-5)**

Plaintiff's third set of requests for production contains 5 requests that all pertain to Defendant's recall of certain model pressure cookers, including the subject pressure cooker. The five requests are as follows:

> 1. All Documents provided by You or on Your behalf to the United States Consumer Product Safety Commission ("CPSC") relating to the August 10, 2023 recall of certain models of pressure cookers, including the subject pressure cooker model line, by Sensio (CPSC Recall No. 23-256).

3

2. All Documents of any kind whatsoever, stored electronically or otherwise, containing information regarding the 63 reports of incidents, including 61 burn injuries, received by Sensio as noted in the August 10, 2023 CPSC press release announcing the recall of certain models of pressure cookers, including the subject pressure cooker model line, by Sensio (CPSC Recall No. 23-256).

3. All Documents received by You or on Your behalf from the CPSC relating to the August 10, 2023 recall of certain models of pressure cookers, including the subject pressure cooker model line, by Sensio (CPSC Recall No. 23-256).

4. All Documents, including, but not limited to, internal memorandum, minutes of meetings, test results, e-mails, notes, and other similar documents relating to Your decision to voluntarily recall approximately 581,000 electric pressure cookers, including the subject pressure cooker model line, and approximately 278,000 stove-top pressure cookers on or about August 10, 2023 (CPSC Recall No. 23-256).

5. All Documents including, but not limited to, internal memorandums, minutes of meetings, test results, e-mails, notes and other similar documents relating to Your decision to offer consumers and/or purchasers of the recalled electric and stovetop pressure cookers a refund (CPSC Recall No. 23-256).

(Dkt. No. 29-2).

In addition to overbroad, unduly burdensome, and attorney-client objections, Defendant responded that it is unable to locate the documents Plaintiff requests. (Dkt. No. 33-2). Additionally, Defendant objects to the extent the requests seek information regarding other products which are not at issue in this case. Defendant also objects that the requests seek publicly available information.

The Court overrules Defendant's objection to producing information regarding other products which are not at issue in this case. Plaintiff's allegations pertain to an alleged defective lid-locking mechanism. Plaintiff asserts in its reply that similar lid assemblies are used across different pressure cooker models. (Dkt. No. 33 at 3). Accordingly, the Court finds that the

requested information is relevant and proportional to the needs of the case and orders the Defendant to produce documents regarding all the pressure cooker models related to the August 10, 2023 recall.

The Court also overrules Defendant's objection that the information requested is publicly available. Defendant is required to produce responsive documents to the extent the documents are within their "possession, custody, or control." Fed. R. Civ. P. 34; *see also Susko v. City of Weirton*, No. 5:09-cv-l, 2010 WL 1881933 at *2 (N.D. W. Va. May 7, 2010) ("The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable.") (quoting *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 245 (N.D.W.V. 1970)).

Accordingly, the Court grants Plaintiff's Motion to Compel regarding the requests in Plaintiff's third set of requests for production. Defendant is ordered to fully respond to Plaintiff's request, which includes producing relevant and responsive documents it has in its possession.

### IV.    Conclusion

As set forth above, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion to Compel (Dkt. No. 29). Defendant is ordered to fully respond to Plaintiff's third set of requests for production.

                                                 s/ Richard Mark Gergel
                                                Richard Mark Gergel
                                                United States District Judge

October 31, 2023
Charleston, South Carolina